

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | |
| v. | : | CRIMINAL NO. 07-267 (RMC) |
| FABIO ENRIQUE GRACIA-MONTES | : | UNDER SEAL |
| Defendant. | : | |

FILED
OCT 11 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## STATEMENT OF FACTS

The United States of America, through its attorney, Patrick H. Hearn, Trial Attorney, United States Department of Justice, Narcotic and Dangerous Drug Section, submits the following statement of facts:

1. From in or about June 13, 2003, in Colombia, the defendant, Fabio Enrique Gracia-Montes did unlawfully, knowingly and intentionally distribute more than five (5) kilograms of cocaine intending and knowing that such cocaine would be unlawfully imported into the United States, in violation of Title 21, United States Code, Sections 959.

2. The government's evidence would show that in or about June 13, 2003, that Fabio Enrique Gracia-Montes and others, including indicted and unindicted co-conspirators participated in an organization involved in the transportation of one thousand kilograms or more quantities of cocaine onboard private aircraft. The organization transported the cocaine onboard aircraft from Colombia to Central America and Mexico intending the cocaine for delivery into the United States. Individuals working in cocaine trafficking organizations in Colombia conspire to

transport cocaine from Colombia knowing and intending those cocaine shipments are intended to be imported into the United States as shown by, in this case, the airplane transport routes from Colombia to the island of San Andreas, which is north of Colombian and off the coast of Central America, then to Central America and Mexico, with delivery to Mexican cocaine trafficking organizations, which import the cocaine into the United States; and also the use of United States currency, which is funneled back to the organizations from payments made by end users in the United States, by the cocaine trafficking organizations.

5. On June 13, 2003, members of the Colombian Air Force conducting aerial surveillance observed multiple individuals loading packages of cocaine and gasoline into an aircraft in a secluded area of the airport in Magangue, Colombia. When Colombian National Police (CNP) officers arrived at the scene, the individuals loading the aircraft immediately fled the area in a pickup truck. CNP officers pursued the truck and arrested nine individuals, including the two pilots Juan Manuel Rodriguez-Giraldo and Fabio Enrique Gracia-Montes. Inside the truck, CNP officers found 65 million Colombian pesos. The registered owner of the truck was an employee of Gustavo Adolfo Perez-Salazar at a business known as *Barrancos Ltda.*

6. The CNP seized approximately 1,000 kilograms of cocaine from inside aircraft at the airport in Magangue. Also inside the aircraft, CNP found a satellite telephone, several cellular phones and a Global Positioning System (GPS) navigation device. The CNP downloaded the telephone numbers in the memory of these telephones and discovered that the telephones seized from the aircraft had frequent contact with several members of the organization, including Hugo Rojas-Yepes, Gustavo Adolfo Perez-Salazar, and Willy Norman Schafer-Medrano.

7. The investigation determined that Juan Manuel Rodriguez-Giraldo and Fabio Enrique Gracia-Montes were to be the pilots for the airplane after it had been loaded with the cocaine. The CNP also downloaded the geographic coordinates from the GPS device. The coordinates revealed a flight plan from Magangue, Colombia (where the plane was seized), to an area in Guatemala near the border of Mexico. From Mexico the last coordinate in the flight plan found in the GPS device was an area in the State of Kansas in the United States.

Respectfully Submitted,
KEN BLANCO
Chief, Narcotic and Dangerous
Drug Section
Criminal Division
U.S. Department of Justice

Date: 10-11-07

By: _____
Patrick H. Hearn
Trial Attorney
Narcotic and Dangerous Drug Section

## DEFENDANT'S ACCEPTANCE

This agreement has been read to me in Spanish, the language I understand best, and I have carefully discussed every part of it with my attorney. I have been read the Statement of Facts setting forth the facts as to my involvement in a conspiracy to import five kilograms or more of cocaine into the United States and to manufacture and distribute five kilograms or more of cocaine, intending and knowing that such cocaine would be unlawfully imported into the United States, in violation of Title 21, United States Code, Sections 959. I have discussed this statement of facts fully with my attorney, Manuel Retureta. I fully understand this statement of facts and I acknowledge its truthfulness, agree to it and accept it without reservation, with the provision that this statement of facts does not include all the details the criminal activity I have participated in during the time period alleged in the Indictment. I do this voluntarily and of my own free will. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this statement of facts fully.

Date: 10·11·07

_____
Fabio Enrique Gracia-Montes
Defendant

## ATTORNEYS' ACKNOWLEDGMENT

     I am Fabio Enrique Gracia-Montes' attorney. I am fluent in written and spoken English and Spanish languages. I accurately translated this entire agreement from English into Spanish to defendant Fabio Enrique Gracia-Montes on this date. I have read the above statement of facts as to my client's involvement to distribute five kilograms or more of cocaine, intending and knowing and such cocaine would be unlawfully imported into the United States, in violation of Title 21, United States Code, Sections 959. I have reviewed the entire statement of facts with my client and have discussed it with him fully. I concur in my client's agreement with and acceptance of this statement of facts.

Date: 10·11·07

Manuel Retureta
Attorney for Fabio Enrique Gracia-Montes